IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:17-CR-00459-L-1 |
| | § | |
| BYRON KEITH RISER, | § | |
| #56250-177, | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Pro Se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) Due to Extraordinary and Compelling Reasons and the COVID-19 Virus Pandemic. As detailed here, the motion is **denied**.

I.

In 2018, Defendant pled guilty to possession with intent to distribute a controlled substance and was sentenced to 60 months' imprisonment. Crim. Doc. 39. He now seeks release from confinement because he suffers from preexisting, chronic medical conditions—coronary artery disease, hypertension, hyperlipidemia, unstable angina—and needs heart surgery, all of which he claims render him more susceptible to the COVID-19 virus. Crim. Doc. 41 at 1-2. As further support, Defendant states that he is "on disability due to his ill-health." *Id.*

According to the BOP's website, Defendant is 57 years old, has a projected release date of December 20, 2021, and is presently confined at FCI Seagoville. As of June 9, 2020, the BOP's website reported no COVID-19 positive cases among FCI Seagoville's inmates, but noted that one

staff person had tested positive.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

## II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c); however, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted all his administrative remedies.  Even if the Warden denied his request for a reduction in sentence, Defendant does not contend that he attempted to commence an appeal through the Administrative Remedies process.  He avers simply that further exhaustion of his administrative remedies would be futile.  Doc. 41 at 1.  Notwithstanding his assertion, Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period."

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 9, 2020).

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Miller,* No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).

Moreover, Defendant does not provide specific factual information unique to his own circumstances and/or preexisting medical conditions sufficient to excuse his failure to exhaust administrative remedies even considering the exceptional circumstances of the COVID-19 pandemic. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions—coronary artery disease, hypertension, hyperlipidemia, unstable angina—or discount that being confined in a

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. First, he fails to establish that his conditions are sufficiently severe and that they diminish his ability to provide self-care. Even considering the April 5, 2019 medical report, Defendant does not present any other evidence and/or medical records documenting his current symptoms and own unique circumstances sufficient to establish exceptional and compelling circumstances. At best, he has offered only conclusory assertions about his chronic medical conditions. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care").

Moreover, despite his older age (57), the court still needs to assess the magnitude of Defendant's unique circumstances and chronic medical conditions. As noted in *Delgado*, 2020 WL 2542624, at *3, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering that there is only one positive case among staff at FCI Seagoville and no positive cases among inmates.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93. ("[C]ompassionate

release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for possession with intent to distribute a controlled substance. At sentencing, the advisory guidelines range was 57-60 months and the court imposed a sentence at the top of the guidelines range of 60 months. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 11th day of June, 2020.

Sam A. Lindsay
United States District Judge